FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 04, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CRAIG ALLEN HALL,<br><br>Defendant. | No. 2:26-CR-00068-TOR-1<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTION DENIED**<br>**(ECF No. 22)** |

On July 17, 2026, the Court held a detention review hearing to consider Defendant CRAIG ALLEN HALL's Motion to Modify Conditions of Release. **ECF No. 22**. Defendant appeared while in custody represented by attorney Matthew Duggan. Assistant U.S. Attorney Mihcael Vander Giessen represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

***Basis to Reopen Detention Hearing:*** Defendant initially waived his right to a detention hearing but reserved the right to revisit the issue of detention if his circumstances changed. ECF No. 20. Defendant now seeks to reopen the question of detention, and the Court finds that Defendant's Motion to Modify Conditions of Release, **ECF No. 22**, constitutes a sufficient basis to reopen the question of detention pursuant to 18 U.S.C. § 3142(f) and conduct a detention hearing.

***Detention Hearing:*** Defendant, through counsel, made proffers in support of Defendant's release. Defendant argued there are conditions of release the Court could impose that would reasonably assure Defendant's appearance as required

ORDER - 1

and/or the safety of any other person and the community.  Specifically, Defendant argued the victim is not a reliable witness and has lied to law enforcement. Defendant provided text messages from the alleged victim that Defendant argues shows she is not afraid of him.  ECF Nos. 27, 28.

The United States opposed Defendant's release and contended there are no conditions of release the Court could impose that would reasonably assure Defendant's appearance as required and/or the safety of any other person and the community.  The Government contended Defendant has a history of domestic violence involving the alleged victim spanning approximately six years.   The Government further contended Defendant has interfered with the alleged victim's prior attempts to speak with law enforcement.  The Government also asserted Defendant has previously violated court orders and his family may have harassed and intimidated the alleged victim, include serving her with a notice to vacate the property where she resided with Defendant.  ECF No. 25.

***Review and Consideration of the 18 U.S.C. § 3142 Factors:***  The Court has reviewed and considered:  the proffers and arguments of counsel; the file in this case; the Indictment, ECF No. 1; the Government's Motion for Detention, ECF No. 6; the Pretrial Services Report, ECF No. 7; the Supplemental Pretrial Services Report, ECF No. 16; the Order Granting United States' Motion for Detention, ECF No. 20; Defendant's Motion to Modify Conditions of Release, **ECF No. 22**; the United States' Response to Defendant's Motion, ECF No. 23; the United States Exhibit in Support of Detention, ECF No. 25; and Defendant's Sealed Documents, ECF Nos. 27, 28.  Pursuant to 18 U.S.C. § 3142, the Court also considered:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length

ORDER - 2

of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  *See* 18 U.S.C. § 3142(g).

***Nature and Circumstances of the Charged Offense:***  The nature and circumstances of the charged offenses are serious and weigh in favor of detention. The Indictment charges Defendant with Assault by Strangling and Attempting to Strangle an Intimate Partner and Dating Partner in Indian Country, in violation of 18 U.S.C. §113(a)(8), 1153; and Attempted Witness tampering, in violation of 18 U.S.C. § 1512(b)(3).  ECF No. 1.

***Weight of the Evidence:***  The weight of the evidence was sufficient for the return of an Indictment, though this is the least important factor in the Court's analysis.  This factor weighs toward detention given the Government's proffers.

***Defendant's History and Characteristics:***  Defendant is 45 years old and has lived in eastern Washington for his entire life.  ECF No. 16 at 2.  Defendant's father and siblings all reside in eastern Washington.  *Id*.  Defendant has one adult child and one minor child from a previous relationship who resides with his mother.  *Id*.  Defendant stated he graduated from high school but has not attended any college courses.  *Id*.  Defendant has been unemployed since March 2026 due to an active no contact order protecting the alleged victim in this case which has prevented him from running his coffee shop.  *Id*.  Defendant denies any substance abuse and reported occasional alcohol and cannabinoid use.  *Id.* at 3.  Defendant's criminal history includes a juvenile conviction for fourth degree assault where Defendant received a deferred disposition (1998), which was later revoked (1999) due to violations.  *Id.*  Defendant has adult convictions for:  possession of

ORDER - 3

marijuana (1999); reckless driving (1999); minor possession and/or consumption (2000); driving while intoxicated, prohibited acts (possession), and possession of an alcoholic beverage by a person under 21 (2002); controlled substance violation, and fourth degree assault (2003); stalking (2005); tampering with witness or juror (2005); hit/run unattended vehicle (2010); driving under the influence (2012); reckless driving (2019); operating vehicle without ignition interlock (2020); and hit and run/attended (2025). *Id*. at 4-6.  Defendant also has failed to appear for court hearings and/or comply on at least three prior occasions.  *Id*. at 3-6.

This factor weighs in favor of detention.  Defendant appears to have engaged in intimidating and harassing behavior toward the alleged victim in this case and Defendant has prior convictions for stalking and witness tampering, all suggesting Defendant is unlikely to abide by conditions of release.  Additionally, while Defendant denies substance abuse or the need for substance abuse treatment, Defendant has multiple criminal charges and convictions for crimes involving alcohol and/or controlled substances, all suggesting Defendant has unaddressed alcohol and substance abuse issues.

***Nature and Seriousness of the Danger to the Community Posed by Defendant's Release:***  The nature of the charges in this case are serious and, again, Defendant's criminal history includes multiple convictions for crimes of violence as well as prior convictions for stalking and witness tampering.  The nature and serious of the danger to the community and any other person posed by Defendant's release must be weighed against the confidence the Court can have that Defendant would abide by any conditions of release the Court could impose.  This factor weighs in favor of detention.

***Findings Pursuant to 18 U.S.C. § 3142:***  The Court finds the United States established by a preponderance of the evidence that there is no condition or

ORDER - 4

combination of conditions of release the Court could impose that would reasonably assure Defendant's appearance at future proceedings and the United States established by clear and convincing evidence that there is no condition or combination of conditions of release the Court could impose that would reasonably assure the safety of other persons or the community if Defendant were released.

**IT IS ORDERED:**

1.     Defendant's Motion Modify Conditions of Release, **ECF No. 22,** is **DENIED**.  Defendant shall be held in detention pending disposition of this case or until further order of the Court.  Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel

2.     If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy.  Yakima cases shall be heard on the following Wednesday docket, and

ORDER - 5

Richland cases shall be heard on the following Thursday docket.  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

3.      If necessary, the United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant.  If Defendant does not wish to be interviewed, that Office shall prepare said report using any information it deems relevant to the issue of detention.

4.      If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED August 4, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 6